FILED

10/30/18 REF
UNSEALED PER ORDER OF COURT

13 AUG 23 PM 1:01

SEALED

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

DS DEPUTY

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

February 2012 Grand Jury

| UNITED STATES OF AMERICA, | ) Case No. **'13CR3132H** |
|---|---|
| Plaintiff, | ) INDICTMENT |
| v. | ) Title 18, U.S.C., Sec. 371 - Conspiracy; Title 18, U.S.C., Sec. 1030(a)(5)(A) and (c)(4)(B)(i) - Computer Hacking; Title 18, U.S.C., Secs. 982(a)(2)(B), 982(b), and 1030(i) and Title 21, U.S.C., Sec. 853 - Criminal Forfeiture |
| ZHANG ZHANG-GUI, | |
| Defendant. | |

The Grand Jury charges:

Count 1

INTRODUCTORY ALLEGATIONS

At all times material to this indictment:

1. Internet Protocol or IP address referred to the unique series of numbers assigned to all computing devices connected to the Internet. Through the IP address, it was possible, within limits, to determine the physical locations of such devices.

2. "Domain name" referred to the corresponding plain text name registered for a particular IP address.

3. As used by hackers, "hop point" or "proxy" referred to an intermediate computing device to which hackers connected

SLF:PGK:nlv:San Diego
8/21/13

their computers before connecting to the targeted computer. Typically the hacker's use of the hop point or proxy was unauthorized, anonymous, or otherwise concealed. Some hackers routed their connections through multiple hop points or proxies before connecting to the targeted computer.

4. A "spear phishing" email referred to a ruse email designed to resemble one the recipient expected and trusted. Spear phishing emails urged the recipient to take action, such as clicking on a link or opening a file, which surreptitiously installed malicious files on the recipient's computer(s) and/or network(s).

5. A "watering hole attack" referred to compromising a website commonly visited by certain types of companies and/or individuals with the goal of infiltrating the latter's computer networks. When the latter visited or took certain actions at the compromised site, malicious files were installed on the visitor's computer(s) and/or network(s).

6. Defendant ZHANG ZHANG-GUI was a computer hacker in the People's Republic of China (PRC).

7. Capstone Turbine was a gas turbine manufacturer headquartered in Los Angeles, California.

8. Company A and Company B were headquartered in San Diego, California.

9. From a date unknown no later than January 8, 2010 to the filing date of this Indictment, within the Southern District of California, and elsewhere, defendant ZHANG ZHANG-GUI did knowingly, intentionally, and willfully agree and conspire with other persons known and unknown to the grand jury to cause the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally cause damage without authorization to a protected computer, including a loss of at least $5,000; in violation of Title 18, United States Code, Section 1030(a)(5)(A) and (c)(4)(B)(i).

10. <u>MANNER AND MEANS</u>

The objects of the conspiracy were to be accomplished, in substance, as follows:

    a. Defendant ZHANG and co-conspirators in the PRC would establish an infrastructure of domain names, IP addresses, accounts with Internet service providers, and web sites to facilitate hacks of computer networks operated by companies in the United States and elsewhere.

    b. Defendant ZHANG and co-conspirators in the PRC would use elements of that infrastructure and a variety of techniques, including spear phishing emails and watering hole attacks, to surreptitiously install or attempt to install files and programs on the computer networks of companies in the United States and

elsewhere, including but not limited to Capstone Turbine, Company A, and Company B.

c. By installing the computer files and programs, defendant ZHANG and co-conspirators in the PRC would gain unauthorized access to sensitive information and communications stored on the networks of companies in the United States and elsewhere.

11. OVERT ACTS

In furtherance of the conspiracy and to accomplish the objects thereof, the following overt acts, among others, were committed within the Southern District of California and elsewhere on or about the dates set forth below:

a. On January 8, 2010, having infiltrated the Capstone Turbine computer network and created an email account in the Capstone Turbine email server, a conspirator tested a potential spear phishing email from the account by sending it to ZHANG's email account for ZHANG's review.

b. On May 24, 2012, to facilitate a watering hole attack, a conspirator installed malicious files on Capstone Turbine's web server.

c. On May 30, 2012, ZHANG recorded the IP address of a computing device to be used to gain unauthorized access to Capstone Turbine's web server.

4

      d. On June 1, 2012, a conspirator installed malicious files on Capstone Turbine's web server.

      e. On June 25, 2012, a conspirator registered domain names to be used to facilitate computer intrusions.

      f. No later than August 7, 2012, a conspirator caused malicious files to be installed on Company A's computer network.

      g. No later than August 23, 2012, a conspirator caused malicious files to be installed on Company B's computer network.

      h. On August 23, 2012, a conspirator tested a potential spear phishing email by sending it to ZHANG's email accounts for ZHANG's review.

      i. On August 23, 2012, ZHANG sent a test email to an account created based on the Capstone Turbine intrusion.

All in violation of Title 18, United States Code, Section 371.

//
//
//
//
//
//
//

Count 2

12. From a date unknown to August 13, 2012, within the Southern District of California and elsewhere, defendant ZHANG ZHANG-GUI knowingly caused the transmission of a program, information, code, and command, and, as a result of such conduct, intentionally caused damage without authorization to a protected computer, and the loss caused by such behavior was at least $5,000, to wit, ZHANG accessed without authorization computer servers in San Diego County, California belonging to Company A and thereby caused loss of at least $5,000; in violation of Title 18, United States Code, Section 1030(a)(5)(A) and (c)(4)(B)(i).

FORFEITURE ALLEGATION

13. Upon conviction of one or more of the offenses in Counts 1 and 2, defendant ZHANG ZHANG-GUI shall forfeit to the United States 1) any personal property that was used or intended to be used to commit or to facilitate the commission of the offense; and 2) any property, real or personal, constituting or derived from proceeds obtained directly or indirectly as a result of such offense.

14. If any of the property described above, as a result of any act or omission of defendant ZHANG ZHANG-GUI, cannot be located upon the exercise of due diligence; has been transferred or sold to, or deposited with, a third party; has been placed beyond the jurisdiction of the court; has been substantially diminished in

value; or has been commingled with other property which cannot be divided without difficulty, the United States shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), as incorporated by Title 18, United States Code, Sections 982(b) and 1030(i).

All pursuant to Title 18, United States Code, Sections 982(a)(2)(B), 982(b), and 1030(i); and Title 21, United States Code, Section 853.

DATED: August 23, 2013.

A TRUE BILL:

_____
Foreperson

LAURA E. DUFFY
United States Attorney

By: _____
SABRINA L. FEVE
Assistant U.S. Attorney